UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER GRIMM CHERKAOUI,

     Plaintiff,

v.                                                                          Case No:  6:13-cv-601-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## ORDER

     Pending before the Court is the Commissioner's Opposed Motion for Entry of Judgment with Remand.  (Doc. 16).  Plaintiff has filed a response in opposition.  (Doc. 18).  For the following reasons, Defendant's Motion is due to be granted.

     According to Plaintiff's Complaint, Plaintiff filed her claim for Supplemental Security Income on January 11, 2007.[1]  The action made it to this Court, which remanded the case to the Commissioner for further proceedings on February 27, 2012.  On April 18, 2012, the Appeals Council ordered that an Administrative Law Judge ("ALJ") should hear Plaintiff's case.

     Plaintiff resides in Deltona, Florida, which is located in Volusia County, approximately 34 miles from Orlando and 107 miles from Jacksonville.  Volusia County is part of the Jacksonville Division of the Middle District of Florida.

http://www.flmb.uscourts.gov/facts/.  On January 3, 2013, Plaintiff requested her hearing be transferred from Jacksonville, Florida to Orlando, Florida.  Plaintiff states that she could not make the 107 mile drive to Jacksonville because of her alleged disability.  The

_____

[1] Unless otherwise stated, all facts taken from Plaintiff's Complaint (Doc. 1).

ALJ determined that Plaintiff had established good cause for a change of venue, but the Orlando Hearing Office did not accept the case because claimants from Volusia County often request a transfer to Orlando and "[w]e believe that if we take this case it will open the door for future requests of the same nature." (Doc. 18-1).

Plaintiff was given the opportunity to participate in a video hearing, which she declined (Id.), and she did not attend the hearing in Jacksonville.  The ALJ proceeded to hold the hearing in Plaintiff's absence and denied her claim.  Plaintiff filed her timely appeal in this Court on March 12, 2013.

Defendant requests that the Court remand Plaintiff's case to the Commissioner pursuant to 42 U.S.C. § 405(g) to offer Plaintiff an opportunity for a hearing and issue a new decision.  (Doc. 16).  Plaintiff opposes Defendant's motion because Defendant has not assured Plaintiff that she will receive a hearing in the Orlando Hearing Office.  If Defendant would make this assurance, Plaintiff says she would not object to the motion. Plaintiff believes that under the Social Security Administration's procedures she has a right to have her hearing held in the hearing office located closest to her home.  (Doc. 18). The Court finds this case is appropriately remanded to the Commissioner for further proceedings.  The remaining issue is where the new hearing should be held.

The Court agrees with the ALJ that Plaintiff has shown good cause for a change of venue and notes that the Orlando Division has previously considered her case.  See Cherkaoui v. Comm'r of Soc. Sec., 6:11-cv-379-GJK.  It expresses no opinion on whether Plaintiff has the right to have her hearing held at the hearing office closest to her home.

But, the Court is unaware of any legal authority empowering it to mandate the Commissioner to hold a new hearing in a specific location upon remand.  Indeed, this Court has declined to give express directives to the Commissioner before.  See Burger v.

Comm'r of Soc. Sec., 6:11-cv-1845-Orl-22TBS (Doc. 27) (recommending the Court decline to bypass the Commissioner by ordering that the case be heard by an ALJ on remand and that the Court direct the Commissioner use his "best efforts" to resolve the matter in a limited time frame) (adopted by the Court in Doc. 30).  To avoid overreaching the bounds of its jurisdiction, the Court will only recommend that the Commissioner conduct Plaintiff's new hearing in Orlando, Florida.  See e.g. Joe v. Apfel, No. 97-CV-772S(H), 1998 WL 683771 *5 (W.D.N.Y. July 10, 1998) ("Where the record clearly demonstrates the ALJ's bias or partiality toward the claimant, the courts have not hesitated to direct the Commissioner to transfer the remand hearing to a different ALJ. However, in the absence of such proof, the reviewing court can only recommend that the Commissioner transfer the remand hearing to a different ALJ.")  (citing Sarchet v. Chater, 78 F.3d 305, 309 (7th Cir. 1996)).

Accordingly, the Court **GRANTS** the Commissioner's Opposed Motion for Entry of Judgment with Remand (Doc. 16), reverses the Commissioner's decision and remands this case under sentence four of § 405(g) for additional proceedings.  The Court recommends that the Commissioner conduct Plaintiff's new hearing in Orlando, Florida.

The Clerk shall enter judgment accordingly and **CLOSE** the file.  The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.  Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that the notice has been received.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record